Michael A. Burke, Esq. (SBN: 239592)
Hannah E. Winston, Esq. (SBN: 321763)
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Email: mburke@rssblaw.com
           hwinston@rssblaw.com
Telephone:    (775) 329-3151

*Attorneys for Defendant ITS NATIONAL, LLC
& ITS LOGISTICS, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOSCH; DANIELA COSTANTINI-DOSCH; CHARLES DOSCH; ISABELLE DOSCH,<br>                Plaintiffs,<br>v.<br>ITS LOGISTICS, LLC; HAUL KING TRANSPORT LLC; WILLIAM EUGENE THOMAS; and, ITS NATIONAL, LLC,<br>                Defendants. | Case No.: 1:22-cv-01443-ADA-CDB<br><br>**DEFENDANT ITS NATIONAL, LLC'S ANSWER TO COMPLAINT AND CROSS-CLAIM** |

Defendant ITS NATIONAL, LLC, a Delaware Limited Liability Company ("ITS"), by and through its counsel of record, Michael A. Burke, Esq., and Hannah E. Winston, Esq., of the law offices of Robison, Sharp, Sullivan & Brust for its answer to the Plaintiffs' Complaint, admits, denies, and alleges as follows:

**JURISDICTION, VENUE, PARTIES**

1.    ITS lacks sufficient information and belief to admit or deny the allegations in paragraph 1-6 of the Complaint, prepared on a California Form Complaint (Form PLD-Pl-001) and on that basis denies all allegations in this paragraph.

2.    ITS admits the allegations of Paragraph 8 of the Form Complaint.

3.    There is no allegation in Paragraph 9 of the Form Complaint.

4.    ITS admits that Plaintiff has alleged the stated Causes of Actions as identified in

Paragraph 10 of the Form Complaint.

5. ITS lacks sufficient information and belief to admit or deny the allegations in paragraph 11-15 of the Complaint, prepared on a California Form Complaint (Form PLD-Pl-001) and on that basis denies all allegations in this paragraph.

## FIRST CAUSE OF ACTION
*Motor Vehicle Negligence*

6. ITS incorporates the preceding paragraphs of the Complaint as though set forth fully herein.

7. ITS denies the allegations contained in Plaintiffs' First Cause of Action for Motor Vehicle Negligence of the Complaint as they may be intended to pertain to ITS. ITS further notes that there are no allegations concerning ITS in this Cause of Action.

## SECOND CAUSE OF ACTION
*General Negligence*

8. ITS incorporates the preceding paragraphs of the Complaint as though set forth fully herein.

9. ITS denies the allegations contained in Plaintiffs' First Cause of Action for Motor Vehicle Negligence of the Complaint as they may be intended to pertain to ITS. ITS further notes that there are no allegations concerning ITS in this Cause of Action.

## GENERAL DENIAL

Inasmuch as the Complaint is not verified under the provisions of Section 431.30 of the California Code of Civil Procedure, the answering Defendant denies generally each, every, and all of the allegations in said Complaint, and the whole thereof, including denial of all sums and amounts alleged, to be alleged or otherwise.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted in favor of Plaintiffs or against this answering Defendant.

/ / /

**SECOND AFFIRMATIVE DEFENSE**

At all times denying any negligence, fault or responsibility on Defendant ITS's behalf, ITS avers that the contributory and/or comparative negligence, fault or responsibility of Plaintiffs must be compared to that of ITS, if any, in accordance with the laws of the State of California. Any award of damages must be reduced accordingly. If Plaintiffs are more than 50% at fault, Plaintiffs are barred from any recovery.

**THIRD AFFIRMATIVE DEFENSE**

ITS alleges that in the event of any damages or injuries sustained by Plaintiffs were proximately and/or directly caused by the actions and conduct of the third parties over whom ITS had no control and, said third parties were not acting on behalf of this Defendant, its agents, employees, representatives, subcontractors, or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

On information and belief, Plaintiffs have failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

It has been necessary for this answering Defendant to hire an attorney to defend this case due to Plaintiffs' conduct and all reasonable costs of suit including reasonable attorney fees should be awarded to this answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are preempted by the Federal Aviation Authorization Act "FAAAA", 49 U.S.C. 14501(c)(1) and the interpretation of the FAAAA by the United States Supreme Court in *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 370, 370-371 (2008), *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) and their progeny.

**SEVENTH AFFIRMATIVE DEFENSE**

The occurrences referred to in Plaintiffs' Complaint, and all damages, if any, resulting therefrom, where caused by the acts of omissions of third parties over whom this answering Defendant has no control.

**EIGHTH AFFIRMATIVE DEFENSE**

The occurrence referred to in Plaintiffs' Complaint and all injuries and damages resulting therefrom, if any, were caused by intervening and superseding causes over which this answering

Defendant had no control.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiffs under the sudden emergency doctrine.

## TENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs, or an agent, representative or subrogee of the Plaintiffs, have received compensation from, or on behalf of, other defendants or third-parties, the answering Defendant is entitled to a set-off, or return of the value of such compensation, from Plaintiffs, and Plaintiffs are estopped from seeking such compensation to the extent it has already been paid.

## ELEVENTH AFFIRMATIVE DEFENSE

No act or omission of answering Defendant was a substantial factor in bringing about the damages alleged by Plaintiff, nor was any act or omission a contributing cause or proximate cause thereof. Any alleged act or omission of answering Defendant was superseded or preceded by the acts or omissions of others, which were the independent, intervening, legal and proximate cause of the damage alleged by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

For each purported cause of action contained in Plaintiffs' Complaint, ITS is informed and believes, and based thereon alleges: Plaintiffs' alleged injuries were not proximately caused by any conduct or inaction of ITS, or was not foreseeable, or both.

## THIRTEENTH AFFIRMATIVE DEFENSE

For each purported cause of action contained in Plaintiffs' Complaint, ITS is informed and believes, and based thereon alleges: Plaintiffs' alleged injuries, to the extent proven were caused by the action or conduct of others, not ITS.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recoverable damages, if any, are limited pursuant to Cal Civil Code §3333.4.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recoverable damages, if any, are limited pursuant to Cal. Civil Code §1431.2.

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of Defendant's answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendant reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants the same.

**WHEREFORE**, Defendant ITS NATIONAL, LLC, prays for judgment against Plaintiffs as follows:

1. That Plaintiff's Complaint against ITS NATIONAL, LLC, be dismissed with prejudice and take nothing thereby;

2. That ITS NATIONAL, LLC be awarded all reasonable attorney fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

**CROSS-CLAIM**
**(Against Cross-Defendant Haul King Transport, LLC)**

1. Cross-Claimant ITS NATIONAL, LLC, ("ITS") is a Delaware Limited Liability Company.

2. Upon information and belief, Cross-Defendant, Haul King Transport, LLC, is a Wyoming Limited Liability Company.

3. ITS does not currently know the true names and capacities of Cross-Defendants sued herein as ROES 1 through 10, inclusive, and therefore sues these Cross-Defendants by fictitious names. ITS is informed and believes, and thereon alleges, that each of these fictitiously named parties are responsible in some actionable manner for the damages herein alleged and leave of Court will be sought to amend this Cross-Claim to name the parties specifically when their identities become known.

4. Upon information and belief, at all times herein mentioned, each of the Cross-Defendants were the principal/agent and/or employer/employee of the others and were acting within the course, scope and authority of said relationship; each party approved, ratified and

authorized the acts of each of the others as herein alleged; each party was subject to a right of control by the others; and each party was authorized to act for each and all of the others.

### GENERAL ALLEGATIONS

5. Cross-Claimant ITS hereby adopts and incorporates the allegations set forth in Plaintiffs' Complaint for the sole and exclusive purpose of illustration only. ITS denies any and all liability directly or vicariously as more particularly set forth in ITS's Answer filed contemporaneously with this Cross-Claim.

### FIRST CROSS-CLAIM FOR RELIEF
**(Express Indemnity)**

6. Upon information and belief, all of the Cross-Defendants set forth above were solely or primarily responsible for any of Plaintiffs' damages, should Plaintiff prove the allegations set forth in the Complaint.

7. In the event that the Plaintiffs are able to recover any or part of his alleged damages in settlement or otherwise from Cross-Complainant ITS, which damages ITS expressly denies, then the Cross-Defendant should be held responsible and required to indemnify, as provided for in ITS' Motor Carrier Agreement with Cross-Defendant, for such loss incurred by ITS as the acts and/or omissions of the Cross-Defendant named herein were the primary or active cause of Plaintiffs' damages.

8. Accordingly, ITS is entitled to an order and/or judgment declaring that the Cross-Defendant to this action is solely responsible for any loss or damages incurred by Plaintiffs in the event that the Plaintiffs are able to recover any or part of his alleged damages, for which damages and causation are expressly denied by ITS.

9. It has been necessary for ITS to incur attorney fees and costs in pursuing this Cross-Claim and ITS should be awarded any and all costs and fees incurred in prosecuting same.

### SECOND CROSS-CLAIM FOR RELIEF
**(Contribution)**

10. Cross-Claimant ITS hereby adopts and incorporates all allegations set forth above as more fully set forth herein.

11. ITS denies any and all liability to Plaintiffs, if any, and asserts that to the extent Plaintiffs incurred any damages, the damages were caused in part or in whole by the alleged tortious conduct of these Cross-Defendants.

12. In the event that ITS is held responsible for any or part of Plaintiffs' alleged damages, then ITS is entitled to contribution from the Cross-Defendant in an amount commensurate with its pro-rata share of any common liability and this Court should make an appropriate pro-rata share declaration of each responsible Cross-Defendant.

**WHEREFORE**, Cross-Claimant ITS respectfully requests this Court to:

1. Enter a judgment in favor of ITS and dismissing Plaintiffs' Complaint with prejudice; or, in the alternative, grant ITS's Cross-Claims for indemnity and contribution and make a specific finding of the pro-rata liability for each Cross-Defendant.

2. Award ITS all of its attorney fees and costs in this action.

3. Any and such further relief as the Court deems proper.

DATED this 18th day of November, 2022.

                                        ROBISON, SHARP, SULLIVAN & BRUST
                                        71 Washington Street
                                        Reno, Nevada 89503

                                        */s/ Michael A. Burke*
                                        MICHAEL A. BURKE, ESQ.
                                        HANNAH E. WINSTON, ESQ.
                                        *Attorneys for Defendant, ITS NATIONAL, LLC*

# CERTIFICATE OF SERVICE

I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of the attached **DEFENDANT ITS NATIONAL, LLC'S ANSWER TO COMPLAINT AND CROSS-CLAIM** on all parties to this action by the method(s) indicated below:

\_\_\_\_   by placing an original or true copy thereof in a sealed envelope, postage affixed thereto, for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the US Postal Service at Reno, Nevada, addressed to:

> Jesse Creed, Esq.
> PANISH SHEA BOYLE RAVIPUDI LLP
> 11111 Santa Monica Blvd., Suite 700
> Los Angeles, CA 90025
> *Attorneys for Plaintiffs*
>
> Michael J. Czeshinski, Esq.
> WILKINS, DROLSHAGEN & CZESHINSKI
> 6785 N. Willow Ave.
> Fresno, CA 93710
> *Attorneys for Defendant Haul King Transport, LLC*

\_\_\_\_   by personal delivery/hand delivery addressed to:

  X     by email addressed to:

> Jesse Creed, Esq.              jcreed@psbr.law
> Michael J. Czeshinski, Esq.    mjc@wdcllp.com

  X     by using the Court's File and Serve Electronic Notification System.

DATED this 18th day of November, 2022.

> */s/ Monica R. Wilmoth*
> Employee of Robison, Sharp, Sullivan & Brust

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151