UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOSCH, ET AL.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ITS LOGISTICS, ET AL.,<br><br>          Defendants. | Case No. 1:22-cv-01443-KES-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST TO SEAL<br><br>(Doc. 45)<br><br>**SEVEN-DAY DEADLINE** |

Following the parties' filing of a notice of settlement (Doc. 43), on March 27, 2024, the Court ordered Plaintiffs within 30 days thereafter to file either (1) a copy of the state court order and all supporting and opposing documents filed in connection therewith approving the minor's compromise, or, if no such state court order had been obtained, (2) a status report updating this Court on the anticipated time frame for approval by the state court of the compromise. (Doc. 44) (citing Local Rule 202(b)(1)).

Pending before the Court is Plaintiffs' notice and request to seal four documents, filed April 23, 2024 (Doc. 45), and emailed to the undersigned's chambers that same day consistent with Local Rule 141 that are responsive to the Court's March 27 order. As described in Plaintiffs' publicly filed notice, the four documents are state court filings made in connection with the state court's approval of the minor's compromise.

In partial compliance with Local Rule 141, Plaintiffs' request to seal sets forth the

statutory or other authority for sealing some – but not all – of the information contained in the state court filings.  Thus, personally identifiable information properly is subject to protective measures pursuant to Rule 5.2, Fed. R. Civ. P.  However, Plaintiffs cite no statutory or other authority to request the sealing of any additional information contained in the state court filings.

**Governing Legal Standard**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents.  *See generally Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public.").  As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).  This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.  *Oregonian Publishing Co.*, 920 F.2d at 1466 (citing *Press Enterprise*, 464 U.S. at 510).

Relevant here, courts in the Ninth Circuit require a party seeking to seal documents in connection with approval of a minor's compromise to meet a "compelling reasons" standard.  *See Cantu v. Kings Cnty.*, No. 1:20-cv-00538-JLT-SAB, 2023 WL 7287006, at *1 (E.D. Cal. Oct. 3, 2023) (citing cases); *M.F. v. United States*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015).

**Discussion**

The Court has considered the reasons advanced by Plaintiffs in their request to seal in the light of the factors set forth in *Oregonian Publ'g Co.* and concludes those reasons do not compellingly outweigh the strong presumption in favor of access to public records.  To begin with, the records Plaintiffs seek to seal in this Court are public state court filings; all four

documents are available for purchase from the Los Angeles Superior Court. Images of the first page of each of the four documents may be accessed by the public on that court's website and, based on information obtained by staff from the Clerk of the Court, all four documents are unsealed and unredacted.

Moreover, while the undersigned is sensitive to potential safety and security issues implicated by filing settlement-related documents publicly, it remains the case that the parties seek to settle a claim made by a minor – which requires court approval. "The public's interest in knowing why the court has decided to approve a compromise of a minor's claim exceeds defendant's interest in confidential settlements." *Fulson v. NPC Quality Burgers, Inc.*, No. 18-2391-DDC-KGG, 2019 WL 1790051, at *3 (D. Kan. Apr. 24, 2019). That proposition is especially applicable here given that the documents sought to be sealed already are publicly accessible.

**Conclusion and Order**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED, Plaintiffs' application to seal (Doc. 45) is DENIED WITHOUT PREJUDICE.

And it FURTHER ORDERED, within seven (7) days of entry of this order, Plaintiffs SHALL FILE the state court order(s) and all supporting and opposing documents filed in connection therewith approving the minor's compromise, which may include redactions of those portions of the documents that comprise any of the categories of sensitive information set out in Federal Rule of Civil Procedure 5.2.

IT IS SO ORDERED.

Dated:   **April 25, 2024**

UNITED STATES MAGISTRATE JUDGE