1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    JOHN DOSCH, et al.,                      Case No. 1:22-cv-01443-KES-CDB

9              Plaintiffs,                     FINDINGS AND RECOMMENDATIONS TO
                                               APPROVE MINOR'S COMPROMISE AND
10             v.                              TO DIRECT CLERK OF THE COURT TO
                                               CLOSE THIS CASE
11   ITS LOGISTICS, LLC, et al.,
                                               (Docs. 46, 48)
12             Defendants/Cross-claimants.

13

14

15          Plaintiffs John Dosch, Daniela Costantini-Dosch, C.D. (a minor), and I.D. (a minor)

16   initiated this action in state court with the filing of a complaint on July 28, 2022, against

17   Defendants ITS Logistics, LLC, Haul King Transport LLC, William Eugene Thomas, and ITS

18   National, LLC ("ITS National"). (Doc. 1).  ITS National removed the action to this Court on

19   November 8, 2022. *Id.*  Plaintiffs' claims relate to personal injuries sustained on account of a

20   traffic collision involving Defendants.

21          On March 26, 2024, Plaintiffs filed a notice of settlement representing that all claims

22   among the parties are resolved. (Doc. 43).  The following day, the Court ordered Plaintiffs to file

23   a copy of the state court order and all supporting and opposing documents filed in connection

24   with the state petition for minor's compromise. (Doc. 44) (citing Local Rule 202(b)(1)).

25          On April 26, 2024, Plaintiffs filed a status report attaching various documents pertinent to

26   the state court proceedings on the petition for minor's compromise. (Doc. 48).  Having

27   considered the petition, the terms of the settlement, and the record of this matter, the undersigned

28

1   recommends that the petition for minor's compromise be approved.[1]

2   **I.      Factual Background**

3       Plaintiffs' complaint asserts claims for property damage and personal injury sustained

4   after a tractor trailer owned by Haul King Transport, LLC and ITS Logistics, LLC, which was

5   driven by William Eugene Thomas in the course and scope of his employment with those

6   Defendants.  The complaint alleges that Mr. Thomas negligently drove the tractor trailer into

7   Plaintiffs' vehicle, causing them significant physical and emotional injuries. (Doc. 1-1 p. 15).[2]

8   On July 28, 2022, the state court approved the appointment of Therese Anderson as the guardian

9   ad litem for both I.D. and C.D. (Doc. 1-1 pp. 6, 8).

10      On April 9, 2024, the state court approved Plaintiffs' petition for minor's compromise as

11  it pertains to both C.D. and I.D.  C.D.'s minor's compromise included a gross settlement amount

12  of $3,225,000. (Doc. 48-1 p. 2).  In addition, the state court approved the payment of attorney's

13  fees in the amount of $1,193,250, and $238,775.28 in costs.  *Id.*  The court approved C.D.'s

14  receipt of $1,792,974.92 through a structured settlement annuity.  *Id.* at 3.  As for I.D., the

15  petition included a gross settlement amount of $2,150,000.00; attorney's fees for $795,500.00;

16  and $43,302.18 in costs.  Following those deductions, I.D. will recover $ 1,311,197.82 through a

17  structured settlement annuity. (Doc. 48-2 pp. 1-4).

18  **II.     Legal Standard**

19      No settlement or compromise of "a claim by or against a minor or incompetent person" is

20  effective unless it is approved by the Court.  Local Rule 202(b).  District courts have a special

21  duty to safeguard the interests of litigants who are minors.  Federal Rule of Civil Procedure 17(c);

22  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "The purpose of requiring the

23  court's approval is to provide an additional level of oversight to ensure that the child's interests

24

25      [1] The Court notes that the parties have not filed a stand-alone petition for minor's
    compromise and rely entirely on the fully executed agreement and related pleadgins in the
26  parallel state court proceeding. As such, the undersigned construes Plaintiff's status report with
    attached state court pleadings as a petition for minor's compromise.  (Doc. 48).
27

28      [2] The Court refers herein to the pagination identified in the CM/ECF header of Docs. 1-1
    and 48-3.

1     are protected".  *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL

2     991048, at *4 (E.D. Cal. Feb. 28, 2019).  Among other things, a court reviewing a proposed

3     minor's compromise must "determine whether the *net amount* distributed to each minor plaintiff

4     in the proposed settlement is fair and reasonable." *Robidoux*, 638 F.3d at 1179 (emphasis in

5     original).

6         Under Local Rule 202(b)(1), unless the United States courts have exclusive jurisdiction:

7

8

9

10

> the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.

11

12     Local Rule 202(b)(1).

13     **III.     Discussion**

14         The Court notes that the settlement agreement is unopposed and has been approved by the

15     Honorable Judge Jared D. Moses of the Superior Court of California, County of Los Angeles.

16     (Docs. 48-1, 48-2).  The state court approved an attorney's fees award in the amount of

17     $1,193,250.00 in connection with C.D.'s petition for minor's compromise and a fee award for

18     $795,500.00 in connection with I.D.'s petition.  These amounts correspond to a 37% attorney's

19     fee award for each of the minors. *See* (Doc. 48-3 p. 58).

20         In the state court action, counsel for Plaintiffs filed a declaration in support of the 37%

21     contingency award that satisfies the requirements under Local Rule 202(c). *Id*. at 65-70.  Among

22     other things, the declaration reflects that Plaintiffs sought counsel's representation in July 2022

23     and counsel obtained consent from the guardian ad litem (who herself was a licensed attorney

24     until retirement) for the 37% contingency fee. *Id.* at 68.  Counsel for Plaintiffs' declaration also

25     details a series of settlement awards in personal injury actions where counsel's law firm was

26     awarded attorney fees of 40%. *Id*. at 69-70.

27         The Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be

28     evaluated "without regard to the proportion of the total settlement value designated for . . .

1    plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182 (9th Cir. 2011).  In the Eastern District of

2    California, 25% of the recovery generally is accepted as the benchmark for attorney's fees in

3    contingency cases involving minors.  *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-

4    01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases).

5    However, "it may be error … to reject the settlement simply because the court finds that the

6    attorney fees sought are excessive."  *S.G.P. v. Tehachapi Unified School District*, No. 1:22-cv-

7    01066-ADA-BAK, 2022 WL 4450750, at *9 (E.D. Cal. Sept. 23, 2022); *Velez v. Bakken*, No.

8    2:17-cv-960 WBS KJN, 2019 WL 358703, at *2 n.4 (E.D. Cal. Jan. 29, 2019) ("It would be error

9    for this court to reduce the attorney's fees simply because the court believed 46% of the total

10   settlement was excessive.").  Here, the Court finds that departure from the 25% benchmark is

11   warranted for the reasons that follow.

12          First, the Court perceives some unwarranted unfairness and incongruity to cap counsel for

13   Plaintiffs to the 25% benchmark when, in the underlying state action, a court already has

14   considered and approved the 37% contingency fee rate. *See* (Doc. 48-3 pp. 66-70) (detailing

15   counsel for Plaintiff's experience with complex personal injury cases related to catastrophic

16   injuries, including wrongful death actions against trucking companies).  Second, counsel for

17   Plaintiffs have secured an exceptional award compared to other minor plaintiffs involved in non-

18   fatal motor vehicle collisions. *See, e.g.*, *Rivett v. U.S.*, No. 2:17-cv-00717-DAD-AC, 2023 WL

19   4238909, at *2 (E.D. Cal. June 28, 2023) (approving recovery of $32,559.99 for minor plaintiff

20   involved in motor vehicle collision); *Collins v. United States*, No. 2:20-cv-02458-JAM-DMC,

21   2022 WL 3969552, at *4 (E.D. Cal. Aug. 31, 2022) (approving recovery of $1,500 for each of

22   three minor plaintiffs exclusive of attorney fees and reimbursement to Medi-Cal for their

23   associated liens for claims alleging that a park ranger caused a motor vehicle accident); *Sykes v.

24   Shea*, No. 2:16–2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (approving

25   recovery of $87,500 for the minor plaintiff in action involving personal injuries sustained

26   following vehicle collision with a truck owned by the defendant).

27          In sum, the Court finds the proposed settlement amounts of $1,792,974.72 for C.D. and

28   $1,311,197.82 for I.D. to be fair, reasonable, and in the best interests of the children when

1  compared to similar settlements cited by counsel for Plaintiffs and approved in other cases

2  independently identified by the undersigned.

3  **IV.     Findings and Recommendations**

4       Based upon the foregoing, the Court **RECOMMENDS** that the petition to approve

5  settlement of the minors' compromise (Docs 46, 48) be **APPROVED IN FULL** and that,

6  consistent with the parties' stipulation for dismissal with prejudice (Doc. 46), the Court

7  acknowledge on the docket that this action shall be terminated by operation of law without order

8  of the Court and direct the Clerk of the Court to close this case.

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

11  Local Rules of Practice for the United States District Court, Eastern District of California. Within

12  fourteen days after being served with these findings and recommendations, any party may file

13  written objections with the Court and serve a copy on all parties. Such a document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17  IT IS SO ORDERED.

18   Dated:   **May 24, 2024**                           _____

19                                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28